**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**RANDY C. JONES,**

        **Plaintiff,**

-vs-                                              Case No. 6:07-cv-168-Orl-31KRS

**RIGGS DISTLER & COMPANY, INC.,**

        **Defendant.**

_____

# ORDER

This matter comes before the Court on the Motion for Summary Judgment (Doc. 35) filed by the Defendant, Riggs Distler & Company, Inc. ("Riggs Distler") and the response (Doc. 39) filed by the Plaintiff, Randy Jones ("Jones").

**I. Background**

The Defendant is an electrical and mechanical contractor that builds, repairs and replaces power facilities. From April 3, 2006 to January 26, 2007, Jones was employed as a "Safety Supervisor" by Riggs Distler. Jones contends, *inter alia*, that Riggs Distler failed to pay him overtime as required by the Fair Labor Standards Act ("FLSA"). Riggs Distler seeks summary judgment on the grounds that Jones was an exempt executive employee.

**II. Standard**

A party is entitled to summary judgment when the party can show that there is no genuine issue as to any material fact. Fed.R.Civ.P. 56(c). Which facts are material depends on the substantive law applicable to the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party bears the burden of showing that no genuine issue of material fact exists. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991).

When a party moving for summary judgment points out an absence of evidence on a dispositive issue for which the non-moving party bears the burden of proof at trial, the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-25 (1986) (internal quotations and citation omitted). Thereafter, summary judgment is mandated against the nonmoving party who fails to make a showing sufficient to establish a genuine issue of fact for trial. *Id.* at 322, 324-25. The party opposing a motion for summary judgment must rely on more than conclusory statements or allegations unsupported by facts. *Evers v. Gen. Motors Corp.*, 770 F.2d 984, 986 (11th Cir. 1985) ("conclusory allegations without specific supporting facts have no probative value").

The Court must consider all inferences drawn from the underlying facts in a light most favorable to the party opposing the motion, and resolve all reasonable doubts against the moving party. *Anderson*, 477 U.S. at 255. The Court is not, however, required to accept all of the non-movant's factual characterizations and legal arguments. *Beal v. Paramount Pictures Corp.*, 20 F.3d 454, 458-59 (11th Cir 1994).

**III.   Application**

All employees who work in excess of forty hours a week must receive overtime compensation at a rate not less than one and one-half times the employee's regular rate. 29 U.S.C. § 207(a). However, the overtime requirement does not apply to any employee employed in a bona fide executive capacity. 29 U.S.C. § 213(a). The term "employee employed in a bona fide

executive capacity" is defined in the pertinent Department of Labor regulation as one who (1) is paid a salary of not less than $455 per week; (2) has management as his primary duty; (3) customarily and regularly directs the work of two or more employees; and (4) has the authority to hire or fire other employees or whose suggestions and recommendations as to the hiring, firing, advancement, promotion or other change of status of other employees are given particular weight. 29 C.F.R. § 541.100(a)(1)-(4). The parties agree that Jones met the salary requirement.

In regard to the third prong, Riggs Distler acknowledges that an organizational chart would not show two or more employees directly reporting to Jones. (Doc. 35 at 11). In the Defendant's view, however, the requirement that the executive regularly supervise two or more employees is merely a guideline to establish that the plaintiff possess *some* supervisory authority. (Doc. 35 at 12). The Defendant notes that the Department of Labor permits employers to substitute four half-time employees (or one full-time and two half-time employees) for the two (full-time) employees whose work the putative executive must be directing. Extrapolating from this starting point, Riggs Distler contends that an employee who possesses a slight amount of supervisory authority over a large number of employees can qualify for this exemption – and further argues that Jones, as Safety Supervisor, had "the power to ***direct*** every employee of the Company – including, theoretically at least, the President – on how to perform their job, and to call a halt to the performance of any function or job that he feels is unsafe." (Doc. 35 at 14) (emphasis in original). According to Riggs Distler, in a "very real sense," a Safety Supervisor "***directs the work*** of the entire workforce of the Company that are within his geographical purview" and contends that this is "clearly what is meant by the requirement of supervisory authority." (Doc. 35 at 14) (emphasis in original).

The Plaintiff disputes the Defendant's characterization as to the amount of supervisory authority he possessed as a Safety Supervisor. But even if one assumes the Plaintiff possessed substantial authority, the Defendant's argument does not hold up, because whatever authority he possessed was limited to the discrete area of safety. Having the authority to fire employees who fail to follow safety regulations is a far cry from "customarily and regularly" directing their work.

Exemptions from FLSA's coverage must be narrowly construed against the employers seeking to assert them. *Arnold v. Ben Kanowsky, Inc.*, 361 U.S. 388, 392, 80 S.Ct. 453, 4 L.Ed.2d 393 (1960). Moreover, an employer seeking to assert an FLSA exemption has the burden of proving that the employee falls "plainly and unmistakably within the terms and spirit" of the exemption. *Nicholson v. World Bus. Network, Inc.*, 105 F.3d 1361, 1364 (11th Cir. 1997). Riggs Distler's argument that Congress intended Jones to be treated as the boss of the president of the company (and everyone else) for purposes of the FLSA lacks factual and logical support and fails to meet this standard.

In consideration of the foregoing, it is hereby **ORDERED AND ADJUDGED** that the Motion for Summary Judgment (Doc. 35) filed by the Defendant, Riggs Distler & Company, Inc. is **DENIED.**

**DONE** and **ORDERED** in Chambers, Orlando, Florida on December 4, 2007.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Party